UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC H.,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Paul L. Maloney

Case No. 1:25-cv-75

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive, provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed an application for SSI on June 14, 2022, alleging that he had been disabled since July 20, 2021, due to schizoaffective disorder (bipolar type). (PageID.181, 313–19.) Plaintiff had filed a prior application for SSI benefits, which was denied by an Administrative Law Judge (ALJ) on May 23, 2018. (PageID.162–75.) Plaintiff was 31 years old on his alleged onset date and at the time he filed his present application. (PageID.181.) Plaintiff had completed the eighth grade

and had previous work as a general industrial laborer. (PageID.46, 334.) Plaintiff's application was denied initially and on reconsideration, after which he requested a hearing before an ALJ.

On August 8, 2023, ALJ Laura Chess held a hearing and received testimony from Plaintiff, who was represented by his present counsel, and Susan Lyon, an impartial vocational expert (VE). (PageID.110–157.) On November 21, 2023, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because he was not disabled since his application date, April 14, 2022. (PageID.38–48.) The Appeals Council denied Plaintiff's request for review on November 22, 2024. (PageID.18–21.) Therefore, the ALJ's ruling became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on January 21, 2025.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff had not engaged in substantial gainful activity since his application date, the ALJ found that Plaintiff suffered from severe impairments of attention deficit hyperactivity disorder (ADHD), depressive disorder, schizoaffective disorder bipolar type, posttraumatic stress disorder (PTSD), and cannabis use disorder. (PageID.40–23.)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.41–42.) The ALJ then found that Plaintiff had the RFC to perform a full range of work at all exertional levels subject to the following limitations:

> [T]he claimant can never climb ladders, ropes, or scaffolds. There can be no work in the vicinity of moving mechanical parts and no work at high exposed places. The claimant can understand, remember, and carry out simple instructions and make simple work-related decisions. He can have occasional interaction with coworkers and supervisors. There can be no tandem tasks with coworkers, such as another worker upstream or downstream. He can have no interactions with the public. The claimant can tolerate occasional changes in a routine work setting. There can be no production rate work, such as work on an assembly line.

(PageID.42.)

At step four, the ALJ adopted the finding from the previous ALJ decision that Plaintiff was unable to perform his past relevant work. (PageID.46–47.) At step five, however, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the occupations of dishwasher/kitchen helper, packager at a bench table, and general office clerk, approximately 180,000 of which existed in the national economy. (PageID.47–48.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (stating that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Thus, the ALJ found that Plaintiff was not disabled.

## DISCUSSION

Plaintiff raises one issue in his appeal: the ALJ committed reversible error because she violated Acquiescence Ruling (AR) 24-1(6) by failing to properly formulate EH's residual functional capacity (RFC) and also because the RFC was contradictory and thus inaccurate. (ECF No. 13 at PageID.777.)

Plaintiff's argument, essentially, is that the ALJ failed to comply with the Sixth Circuit's decision in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018), which clarified the Sixth Circuit's previous decisions in *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), and *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990), and related Acquiescence Rulings 98-3(6) and 98-4(6) concerning how an

5

ALJ treats a prior ALJ decision in adjudicating an application for a later period. In *Drummond*, the Sixth Circuit held that, absent evidence of "changed circumstances," an ALJ in a subsequent case is bound by the findings of an ALJ in a previous case. 126 F.3d at 841–42. Because *Drummond* conflicted with Social Security Administration (SSA) policy, *see Gale v. Comm'r of Soc. Sec.*, No. 1:18-cv-859, 2019 WL 8016516, at *4 (W.D. Mich. Apr. 17, 2019), *report and recommendation adopted*, 2020 WL 871201 (W.D. Mich. Feb. 21, 2020), the SSA issued AR 98-4(6) to explain how the SSA will apply *Drummond* to cases within the Sixth Circuit:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

1998 WL 274052, at *29773 (SSA June 1, 1998).

In *Earley*, the Sixth Circuit clarified *Drummond* in light of some confusion that had occurred regarding its parameters. The ALJ in that case determined that *Drummond* required him to give preclusive effect to a prior RFC determination absent "new and material evidence documenting a significant change in the claimant's condition." 893 F.3d at 930. The court clarified that res judicata properly applies in a situation where the claimant files a second application covering a previously-adjudicated period "and offers no cognizable explanation for revisiting the first decision." *Id.* at 933. But it noted that the doctrine does not apply in cases involving a new period of time. "When an individual seeks disability benefits for a distinct period of time, each application is entitled to review. There is nothing in the relevant statutes to the contrary. And res judicata only 'foreclose[s] successive litigation of the very same claim.'" *Id.* (citing *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Thus, an application covering a new period warrants "fresh review," but not necessarily "blind review." *Id.* at 934. That is, an ALJ is permitted

6

to "consider what an earlier judge did if for no other reason than to strive for consistent decision making." *Id.* The SSA adopted AR 24-1(6) to recognize and address the application of *Earley* by ALJs within the Sixth Circuit. *See* SSA Acquiescence Ruling 24-1(6), 89 Fed. Reg. 92992-02, 2024 WL 4870750.

As one court has noted, *Earley* was primarily concerned with fairness to the claimant. "[T]he claimant should not come into the new hearing and face a presumption that the findings at the prior hearing were correct." *Ferrell v. Berryhill*, No. 1:16-cv-50, 2019 WL 2077501, at *5 (E.D. Tenn. May 10, 2019). At the same time, a court should not automatically assume that an ALJ's reference to *Drummond* means that he or she uncritically adopted the prior ALJs findings. After all, *Drummond* still remains good law. Rather, "a reviewing court should look beyond any superficial reference to *Drummond* to determine whether the subject claimant in fact received a fair administrative hearing in adherence to the *Earley* opinion." *Troxell v. Kijakazi*, No. 1:20-0016, 2021 WL 4143938, at *5 (M.D. Tenn. Aug. 16, 2021), *report and recommendation adopted*, 2021 WL 4133963 (M.D. Tenn. Sept. 10, 2021) (citing *Hogren v. Comm'r of Soc. Sec.*, No. 2:19-CV-854, 2020 WL 830401, at *3 (S.D. Ohio Feb. 20, 2020), *report and recommendation adopted*, 2020 WL 1140058 (S.D. Ohio Mar. 9, 2020)). In fact, this is what the Sixth Circuit did in *Dennis D. v. Commissioner of Social Security*, No. 23-3667, 2024 WL 1193662 (6th Cir. Mar. 20, 2024), in which the ALJ referenced *Drummond* and AR 98-4(6) and erroneously stated that the previous RFC determination from the prior decision was "binding." Reading this typographical error in the context of the remainder of the paragraph, and considering other statements by the ALJ in his decision and at the hearing, the court found that the ALJ complied with *Earley* because the ALJ's analysis showed that he did not consider himself bound by the prior ALJ's RFC finding. *Id.* at *4–6.

7

Here, in spite of the ALJ's references to *Drummond*, nothing indicates that she believed she was he bound by the prior ALJ's findings. For example, on the first page of the decision, the ALJ referenced AR 98-3(6) and AR 98-4(6), but stated that "the severe impairment, listing, and residual functional capacity findings from the prior decision do not bind the undersigned due to the new and material evidence detailed more fully below." (PageID.38.) In her step two finding, the ALJ noted that "new and material evidence" obtained since the prior decision established that ADHD, depressive disorder, schizoaffective disorder bipolar type, PTSD, and cannabis use disorder were Plaintiff's impairments since the alleged onset date in the application. Thus, she did "not fully adopt the prior findings." (PageID.40–41.) Third, in her RFC discussion, the ALJ discussed the medical evidence generated after Plaintiff's alleged onset date, including records from his two psychiatric hospitalizations. (PageID.44.) And, although the ALJ said that she considered the matter in accordance with *Drummond*, she observed that "new and material evidence pertaining to the current period of adjudication . . . provide[d] a basis for finding a different [RFC]." (PageID.45.) Moreover, apart from the statements in her decision indicating that she was not bound by the prior RFC finding, at the hearing, the ALJ assured Plaintiff that she would "be issuing a new decision based on all of the evidence before [her]." (PageID.116.) In short, notwithstanding her references to *Drummond*, the ALJ's discussion indicates that she fully complied with *Earley* by giving Plaintiff's 2022 application a "fresh look" in light of the new evidence Plaintiff presented.

Although conceding that the 2023 RFC finding differs in some respects from the 2018 RFC finding, Plaintiff contends that, at bottom, they really are not different at all, which indicates that the RFC finding is inaccurate because the ALJ should have imposed greater limitations consistent with the more recent evidence. (ECF No. 13 at PageID.779.) This argument lacks merit, as Plaintiff

8

cites no legal support for his assertion that an RFC finding based on new evidence must be substantially different than a prior RFC finding if the ALJ declines to adopt it. In fact, *Earley* expressly acknowledges that an ALJ in these circumstances is not bound by a prior RFC finding but is also not precluded from adopting a prior RFC finding wholesale if warranted, so long as the ALJ accords the claimant a fair hearing, which occurred here.

Last, Plaintiff suggests that the ALJ erred by including exertional limitations in her RFC finding when she had indicated there were no such limitations. Plaintiff's point appears to be that the ALJ simply included those limitations as window dressing to distinguish it in form, but not in substance, from the prior RFC finding. I find no error, as the ALJ's reference to "nonexertional limitations" in her RFC finding appears to be a typographical error. (PageID.42.) In fact, it is clear that the ALJ intended to include exertional limitations, as she clearly explained her rationale for including them:

> I limited the claimant to no climbing ladders, ropes, or scaffolds; no work in the vicinity of moving mechanical parts, and no work at high exposed places due to the occasionally impaired concentration, judgment and insight noted in the record as well as the claimant's reports of hallucinations.

(PageID.44–45.)

Accordingly, Plaintiff's claim of error lacks merit.

## CONCLUSION

For the reasons stated herein, I recommend that the Commissioner's decision be **affirmed.**

Dated: July 29, 2025                                    /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

9

objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).